Finally, we note that the order of restitution was entered under the judgment in appeal No. 7 only, and that the uniform sentence and commitment sheets in each of the other appeals merely recite that restitution was ordered but "[n]ot [p]aid." The uniform sentence and commitment sheet in appeal No. 10, however, erroneously recites that restitution was ordered in connection with the judgment giving rise to that appeal. That uniform sentence and commitment sheet therefore must be amended by deleting the restitution amount therefrom, while retaining the "[n]ot [p]aid" designation (*see People v Deschaine*, 116 AD3d 1303, 1304 [2014], *lv denied* 23 NY3d 1019 [2014]; *see generally People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). In light of our determination, we need not address defendant's remaining contentions. Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 8.) [997 NYS2d 649]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 9.) [997 NYS2d 650]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LAWSON, Appellant. (Appeal No. 10.) [997 NYS2d 650]—Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Lawson* ([appeal No. 7] 124 AD3d 1249 [2015]). Present—Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVELL FOX, Appellant. [999 NYS2d 293]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 21, 2012. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, resisting arrest and harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The charges arose from an incident involving the traffic stop by a police officer of a vehicle in which defendant was a passenger. During the stop, defendant was instructed to exit the vehicle and, while being frisked by a police officer, defendant pushed him and fled. The police officer who stopped the vehicle and an assisting police officer captured defendant and arrested him. After the arrest, the police officers found drugs on the ground where defendant had been standing and under the backseat of the patrol car where defendant had been sitting.

Defendant contends that County Court erred in denying his motion to suppress the above physical evidence inasmuch as the initial frisk was unlawful, which renders the subsequent arrest unlawful and any evidence discovered thereafter by the police inadmissible. We reject that contention. Even assuming, arguendo, that the frisk was unlawful, we conclude that defendant's act of pushing the frisking officer was not "spontaneous and precipitated by the illegality . . . [but] was a calculated act not provoked by the unlawful police activity and thus attenuated from it" (*People v Wilkerson*, 64 NY2d 749, 750 [1984]; *see People v Stone*, 197 AD2d 356, 356 [1993], *lv denied* 82 NY2d 904 [1993]). We therefore conclude that there was probable